## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD TAYLOR,
A/K/A RICHMOND TAYLOR,

        Petitioner,

v.                                          Case Number: 2:09-cv-12288

GREG MCQUIGGIN,

        Respondent.

_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Richard Taylor is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan.  On June 15, 2009, he filed a "Request for Permission for Leave to File Writ of Habeas Corpus With Petitioner's Trial Judge[,] Hon. Denise Page Hood." Because the court cannot discern the conviction Petitioner challenges or the grounds on which he seeks habeas corpus relief, the court will summarily dismiss the petition without prejudice.

The pending petition was assigned to the Honorable Denise Page Hood in accordance with the random method for assignment of civil cases to judges set forth in Eastern District of Michigan Local Rule 83.11.  The fact that the matter was originally assigned to the district judge requested by Petitioner is the result of coincidence, not the result of his request that it be so assigned.  Pursuant to 28 U.S.C. § 455, Judge Hood disqualified herself from this case, and the matter was reassigned to the undersigned district judge by blind draw.  (*See* 7/29/09 Order of Disqualification and Reassigning Case.)

Rule 4, Rules Governing Section 2254 Cases, provides that a district court may enter an order for the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted); *see also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

In the pending petition, Petitioner fails to specifically identify the conviction challenged. He references court proceedings in 1992 and 1995, but he does not specifically identify a challenged conviction. The petition is confused and rambling, and Petitioner also fails to identify with any clarity the issues he wishes to raise. Thus, the court cannot determine the nature of Petitioner's habeas claims. Accordingly,

IT IS ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2009

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2009, by electronic and/or ordinary mail.

S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522